**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| TIFFANY ASHRAF, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:15-cv-1353-GMN-VCF |
| vs. | ) | |
| | ) | **ORDER** |
| NEVADA TITLE AND PAYDAY LOANS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court are the Motions to Compel Arbitration, Stay, and Dismiss, (ECF Nos. 7, 8, 10), filed by Defendant Nevada Title and Payday Loans, Inc. ("Nevada Title"). Plaintiff Tiffany Ashraf ("Plaintiff") filed a Response, (ECF No. 16), and Nevada Title replied (ECF No. 18). For the reasons set forth herein, Nevada Title's Motions to Compel and Dismiss will be **GRANTED**.

**I.      BACKGROUND**

This case is a putative class action in which Plaintiff alleges that Nevada Title violated the Fair Debt Collection Practices Act ("FDCPA") and section 604A of the Nevada Revised Statutes in attempting to collect upon a short-term loan. (Compl., ECF No. 1-1).

On May 5, 2013, Plaintiff and Nevada Title executed a loan agreement in which Plaintiff was provided with $500 at an annual interest rate of 561.54%, to be repaid in full on May 16, 2013 (the "Loan Agreement"). (Loan Agreement p. 1, ECF No. 10-1). On January 2, 2014, Plaintiff filed for bankruptcy. (Compl. ¶ 15). On June 9, 2014, Plaintiff was allegedly issued a bankruptcy discharge, which included the amount that she owed to Nevada Title. (*Id.* ¶ 17). Despite this discharge, Plaintiff alleges that Nevada Title sent a letter on February 12, 2015, indicating that she had an outstanding balance that was past due. (*Id.* ¶ 18). Plaintiff alleges

that the letter did not identify Nevada Title as a debt collector, and that after Plaintiff informed Nevada Title that the debt was discharged in bankruptcy, Nevada Title's representative told Plaintiff that Nevada Title would continue its attempts to collect the debt. (*Id.* ¶¶ 21-26).

Based on these allegations, the Complaint sets forth claims for (1) violations of the FDCPA and (2) violations of section 604A of the Nevada Revised Statutes against Nevada Title. (*Id.* ¶¶ 42-53).

In the instant Motions, Nevada Title argues that the Court should dismiss this action based upon an arbitration provision contained in the Loan Agreement. The arbitration provision states that it covers "disputes based upon contract, tort, consumer rights, fraud and other intentional torts, constitution, statute, regulation, ordinance, common law and equity (including any claim for injunctive or declaratory relief)." (Loan Agreement p. 2). Additionally, the arbitration provision explains the arbitration process and specifies what rights are waived by the parties:

> Arbitration is a method of resolving disputes in front of one or more neutral persons, instead of having a trial in court in front of a judge and/or jury. It can be a quicker and simpler way to resolve disputes. . . . If arbitration is chosen with respect to a Claim, all of the following apply:
>
> • There will be no right to try that Claim in court.
> • There will be no jury trial on that Claim.
> • There will be no discovery, except as allowed by the arbitration rules of the Administrator or this Arbitration provision.
> • We and you are prohibited from participating in a class action or class-wide arbitration with respect to that Claim (the "Class Action Waiver"). This means that neither we nor you can be a representative or member of any class of claimants or act as a private attorney general in court or in arbitration with respect to that Claim. This also means that the arbitrator has no power or authority to conduct any class-wide arbitration.
> • Claims brought by or against one borrower may not be joined or consolidated in the arbitration with Claims brought by or against any other borrower(s) who obtained a different loan.

      • Except as allowed by this Arbitration Provision and the Federal Arbitration Act, the arbitrator's decision will be final and binding,
      • Other rights that you or we would have in court may also not be available in arbitration.

(*Id.*). The arbitration provision also states that either Plaintiff or Nevada Title possess the ability to require arbitration of a claim arising from or relating to the Loan Agreement. Furthermore, the Loan Agreement specifies that Plaintiff could have rejected the arbitration provision, without affecting any other provision of the Loan Agreement, by mailing a written notice to Nevada Title within fifteen days after the execution of the Loan Agreement. (*Id.*). Because of this arbitration provision, Nevada Title asserts that this case should be dismissed pending arbitration pursuant to the Federal Arbitration Act.

## II.    LEGAL STANDARD

Section 2 of the Federal Arbitration Act (the "FAA") provides that:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. "In enacting § 2 of the [FAA], Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." *Southland Corp. v. Keating*, 465 U.S. 1, 10 (1984). Courts place arbitration agreements "upon the same footing as other contracts." *Volt Info. Sciences, Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).

Under the FAA, parties to an arbitration agreement may seek an order from the Court to compel arbitration. 9 U.S.C. § 4. The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter*

*Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985).  Thus, the Court's "role under the [FAA] is . . . limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Lee v. Intelius, Inc.*, 737 F.3d 1254, 1261 (9th Cir. 2013).  If a district court decides that an arbitration agreement is valid and enforceable, then it should either stay or dismiss the claims subject to arbitration. *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1276-77 (9th Cir. 2006).

## III. DISCUSSION

In her Response, Plaintiff argues (1) that the arbitration provision is invalid because it is unconscionable, and (2) that even if the arbitration provision were valid, it does not encompass the claims set forth in the instant case.  The Court will address each of these arguments in turn.

### A. Validity of the Arbitration Provision

Nevada possesses a strong public policy in favor of arbitration, and arbitration clauses are generally enforceable. *Gonski v. Second Judicial Dist. Court of State ex rel. Washoe*, 245 P.3d 1164, 1168 (Nev. 2010).  "Nevertheless, courts may invalidate unconscionable arbitration provisions." *D.R. Horton, Inc. v. Green*, 96 P.3d 1159, 1162 (Nev. 2004); *see also Burch v. Second Judicial Dist. Court of State ex rel. Washoe*, 49 P.3d 647, 650 (Nev. 2002).

"Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a clause as unconscionable." *D.R. Horton, Inc.*, 96 P.3d at 1162 (citing *Burch*, 49 P.3d at 650).  "An arbitration clause is procedurally unconscionable when a party has no meaningful opportunity to agree to the clause terms either because of unequal bargaining power, as in an adhesion contract, or because the clause and its effects are not readily ascertainable upon a review of the contract." *Gonski*, 245 P.3d at 1169.  "Substantive unconscionability, in contrast, is based on the one-sidedness of the arbitration terms." *Id.*

In this case, it is apparent that the arbitration provision is not procedurally unconscionable. Unlike cases in which a party lacks a meaningful opportunity to negotiate an arbitration clause, the Loan Agreement itself contains a mechanism by which Plaintiff could have rejected the arbitration provision without affecting any other term. (Loan Agreement p. 2). Therefore, it cannot be said that Plaintiff's assent to the arbitration provision resulted from a disparity in bargaining power between herself and Nevada Title, as she possessed the ability to remain free from this provision and still bind Nevada Title to the other provisions of the Loan Agreement.

Similarly, it is apparent that the effects of the arbitration provision are ascertainable from the face of the contract. In addition to explaining the arbitration process in general terms as a "method of resolving disputes in front of one or more neutral persons, instead of having a trial in court in front of a judge and/or jury," the Loan Agreement also contains a bulleted list of specific rights and procedural protections that are waived if claims are tried in arbitration, including: the right to a jury trial, the ability to hold extensive discovery, and the ability to pursue claims jointly with other plaintiffs. (Loan Agreement p. 2). In light of the thorough explanation of both the arbitration process and the rights that are waived in arbitration, the Court finds that the effects of the arbitration provision are readily ascertainable from the Loan Agreement. Accordingly, the Court finds that the arbitration provision is not procedurally unconscionable.[1]

**B. Whether the Arbitration Provision Encompasses Plaintiff's Claims**

The Loan Agreement specifies that any claims arising from or relating to the Loan Agreement are subject to the arbitration provision. (Loan Agreement p. 2). Another court in

---

[1] As the Court finds that the arbitration provision was not procedurally unconscionable, it need not assess Plaintiff's argument that the provision was substantively unconscionable. *See D.R. Horton, Inc.*, 96 P.3d at 1162 ("Generally, both procedural and substantive unconscionability must be present in order for a court to exercise its discretion to refuse to enforce a clause as unconscionable.").

Case 2:15-cv-01353-GMN-VCF   Document 23   Filed 03/01/16   Page 6 of 7

this district has held that a plaintiff's claims against a creditor arising under the FDCPA are sufficiently related to an underlying loan agreement to trigger a broad arbitration provision. *Stewart v. Dollar Loan Ctr., LLC*, No. 2:13-cv-0182-JCM-PAL, 2013 WL 3491254 (D. Nev. July 10, 2013). Similarly, numerous other courts have compelled arbitration based on FDCPA claims. *See, e.g.*, *Koch v. Compucredit Corp.*, 543 F.3d 460, 462 (8th Cir. 2008); *Garcia v. Weltman, Weinberg & Reis Co.*, No. 2:13-cv-14362, 2014 WL 1746522, at *7 (E.D. Mich. Apr. 30, 2014).

Furthermore, it is evident from the Complaint that Plaintiff's claims are related to the Loan Agreement. The Complaint centers upon allegations that Nevada Title violated the FDCPA in its alleged attempt to collect upon Plaintiff's debt under the Loan Agreement. Because the Loan Agreement was the source of the debt upon which Nevada Title was allegedly attempting to collect, the Court finds that the arbitration provision encompasses the claims at issue in this case, and Nevada Title's Motion to Compel will be granted.[2]

Additionally, upon finding that a plaintiff's claims are subject to an arbitration clause, the Court may dismiss an action without prejudice instead of staying the action while the arbitration proceeds. *Sparling v. Hoffman Const. Co.*, 864 F.2d 635, 638 (9th Cir. 1988); *Stewart*, 2013 WL 3491254, at *4. In this case, the Court finds that dismissal is warranted because all of Plaintiff's claims are subject to the arbitration provision.

### IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Nevada Title's Motion to Compel Arbitration, (ECF No. 7), and Motion to Dismiss, (ECF No. 10), are **GRANTED**.

---

[2] Plaintiff also argues that her claims are outside the scope of the arbitration provision because her debt to Nevada Title was discharged in bankruptcy. However, by its own terms, the Loan Agreement specifies that the arbitration provision "shall survive the repayment of all amounts owed under this Agreement, any legal proceeding, or any use of a self-help remedy to collect a debt owed by [Plaintiff] to [Nevada Title], and any bankruptcy by [Plaintiff], to the extent consistent with applicable bankruptcy law." (Loan Agreement p. 3). Therefore, Plaintiff's alleged bankruptcy does place the claims in the instant case outside the scope of the Loan Agreement.

Page 6 of 7

**IT IS FURTHER ORDERED** that Nevada Title's Motion to Stay, (ECF No. 8), is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Complaint is dismissed without prejudice because Plaintiff must first comply with the terms of the relevant arbitration provision. The Clerk is instructed to enter judgment accordingly and close the case.

**DATED** this ___1___ day of March, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court